CASPER J. RANKIN (CA SBN 249196)
ERIN L. LANEY (CA SBN 259863)
PITE DUNCAN LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2006-11

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>LEE ALAN BELL,<br><br>Debtor. | Case No. 10-14159<br><br>Chapter 13<br><br>OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN<br><br>CONFIRMATION HEARING:<br>DATE: January 12, 2011<br>TIME: 1:30 PM<br>CTRM: Santa Rosa Courtroom |

Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-11[1] (hereinafter "Creditor"), secured creditor of the above-entitled Debtor, Lee Alan Bell (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The basis of the objection is stated below:

## I.

## STATEMENT OF FACTS

1. On or about October 17, 2006, Debtor, for valuable consideration, made, executed and delivered to Washington Mutual Bank (hereinafter "Lender") a Promissory Note in the principal sum of $311,200.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments. A copy of the Note is attached hereto as exhibit A and incorporated herein by reference.

2. On or about October 17, 2006, Debtor made, executed and delivered to Lender a Deed

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

of Trust (the "Deed of Trust") granting Creditor Lender a security interest in certain real property located at 27181 Oriole Drive, Willits, California 95490 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on November 1, 2006, in the official records of the Mendocino County Recorder's office. A copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by reference. Thereafter, Debtor defaulted with payments under the Note and is contractually due for March 1, 2009.

3. On or about September 25, 2008, Washington Mutual Bank, ("WAMU") was closed by the Office of Thrift Supervision and the FDIC was named receiver. As authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act, 12 U.S.C. Section 1821(d)(G)(i)(II), the FDIC, as receiver of WAMU, may transfer any asset or liability of WAMU without any approval, assignment, or consent with respect to such transfer. Pursuant to the terms and conditions of a Purchase and Assumption Agreement between the FDIC as receiver of WAMU and Creditor dated September 25, 2008, Creditor acquired certain of the assets, including all loans and all loan commitments of WAMU. As a result, on September 25, 2008, Creditor became the owner of the loans and loan commitments of WAMU.

4. Subsequently, Lender's beneficial interest in the Deed of Trust was sold, assigned and transferred to Creditor. A true and correct copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Deed of Trust to Creditor is attached hereto as exhibit C and incorporated herein by reference.

5. On or about October 29, 2010, Debtor filed a Chapter 13 bankruptcy petition. Debtor's Chapter 13 Plan provides for payments to the Trustee in the sum of $233.00 per month for thirty-six (36) months. However, the Debtor's Chapter 13 Plan makes no provision for the cure of Creditor's pre-petition arrears.

6. The pre-petition arrearage on Creditor's secured claim is in the sum of $59,618.04.

7. Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $1,656.06 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed thirty-six (36) months.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtor.

## II.

## ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

**A.   DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. § 1325(a)(5)(B)(ii).

The amount of arrearage in Debtor's Chapter 13 Plan is incorrect. The Debtor lists no pre-petition arrears to Creditor in the Chapter 13 Plan. The actual pre-petition arrears equal $59,618.04. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

**B.   PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. § 1322(d).

Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $1,656.06 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed thirty-six (36) months.

**C.   FEASIBILITY**
11 U.S.C. § 1325(a)(6); 11 U.S.C. § 1322(d).

Debtor's Schedule J indicates that the Debtor has disposable income of $233.50. However, Debtor will be required to apply $1,656.06 monthly to Creditor in order to provide for a prompt cure of Creditor's pre-petition arrears. Debtor lacks sufficient monthly disposable income with which to fund this Plan.

WHEREFORE, Creditor respectfully requests:

1. That confirmation of the Debtor's Chapter 13 Plan be denied;

2. That Debtor's case be dismissed;

3. Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding 36 months; and

4. Alternatively, that the Plan be amended to reflect that Creditor maintains a fully secured claim which is subject to an Adequate Protection Order requiring the Debtor to maintain current Plan

1 | payments to the Chapter 13 Trustee; and
2 |     5.   For such other and further relief as this Court deems just and proper.

                                            Respectfully submitted,

Dated: December 17, 2010         PITE DUNCAN LLP

                                            /s/ ERIN L. LANEY CA SBN 259863
                                            Attorneys for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2006-11